MEMORANDUM *
Petitioner Goarik Babayevna Agadzhanyan, an ethnic Armenian originally from Azerbaijan, challenges the BIA’s decision upholding the denial of asylum, withholding of removal and relief under the Con *880 vention Against Torture (CAT) on the basis that she was firmly resettled in Russia.
Although substantial evidence supports the BIA’s conclusion that Petitioner was offered citizenship in Russia, see Nahrvani v. Gonzales, 399 F.3d 1148, 1151-52 (9th Cir.2005), the conditions of Petitioner’s residence in Russia “were so substantially and consciously restricted by the authority of the country of refuge that ... she was not in fact resettled,” Ali v. Ashcroft, 394 F.3d 780, 789 (9th Cir.2005) (citation omitted), particularly because of her lack of a propiska, which denied her the rights “ordinarily available to others resident in the country.” 8 C.F.R. § 208.15(b) (2006).
Because Petitioner was not firmly resettled in Russia, the parties agree that a remand to the BIA is appropriate for a determination of whether the Petitioner would face future persecution in Azerbaijan; the immigration judge found that Petitioner suffered past persecution on account of her ethnicity. Accordingly, we grant the petition for review and remand to the BIA to consider these claims.[1] See INS v. Ventura, 537 U.S. 12, 16-17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
PETITION GRANTED; REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. Because Petitioner sought asylum, withholding of removal and CAT relief from Russia only if the firm resettlement determination were upheld, we do not consider those claims.